# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

Alexandra Mayotte,

    Plaintiff/Movant,

Stellar Recovery, Inc.; and DOES 1-10, inclusive,

Stellar Recovery, Inc.

    Defendants.

## COMPLAINT

For this Complaint, the Plaintiff, Alexandra Mayotte, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and repeated violations of the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 12-14-101, *et seq.* ("CFDCPA") by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Alexandra Mayotte ("Plaintiff"), is an adult individual residing in

Commerce City, Colorado, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Stellar Recovery, Inc. ("Stellar"), is a Florida business entity with an address of 1845 US Highway 93 South, Suite 310, Kalispell, Montana 59901, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Stellar and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Stellar at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation in the approximate amount of $163.68 (the "Debt") to Comcast (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Stellar for collection, or Stellar was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Stellar Engages in Harassment and Abusive Tactics

### FACTS

12. Within the last year, the Defendants contacted the Plaintiff in an attempt to collect the Debt.

13. Plaintiff first spoke with Defendants on October 28, 2011, and requested validation of the Debt.

14. On November 9, 2011, Plaintiff received a call from James Wallace, a representative of Defendants.

15. James Wallace told Plaintiff the Debt had to be paid or the Debt would be put on her credit report.  James Wallace then informed Plaintiff that Defendants are ""one of three or four other collection companies in the U.S. that can make sure [the Debt] comes completely off credit reports like it was never there." Therefore, Defendants threatened to communicate credit information to a consumer reporting agency earlier than thirty days after the initial notice to the Plaintiff had been mailed.

16. Plaintiff then asked James Wallace for validation of the Debt, as requested previously.  James Wallace responded that Plaintiff had to give her bank account number, and Defendants would then hold Plaintiff's banking information on file as proof to show the Original Creditor Plaintiff was willing to pay something and only then could Defendants supply Plaintiff a validation letter.

17. On November 11, 2011, Plaintiff received the first written correspondence from Defendants, dated November 9, 2011.  Therefore, Defendants failed to supply the initial demand letter within five (5) days of their initial communication with Plaintiff.

### C. Plaintiff Suffered Actual Damages

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress,

fear, frustration and embarrassment.

20. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FEDERAL FAIR DEBTCOLLECTION PRACTICES ACT - 15 U.S.C. § 1692, *et seq.*

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants' conduct violated   in that Defendants threatened to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

23. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

24. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE COLORADO FAIR DEBTCOLLECTION PRACTICES ACT Colo. Rev. Stat. § 12-14-101, et seq.

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Plaintiff is a "consumer" as defined by Colo. Rev. Stat. § 12-14-103(4).

28. The Defendants are a "collection agency" and "debt collectors" as defined by Colo. Rev. Stat. § 12-14-103(2) and (7).

29. The Defendants used false, deceptive, or misleading representations or means in

connection with the collection of a debt, in violation of Colo. Rev. Stat. § 12-14-107(1).

30. The Defendants communicated or threatened to communicate to any person credit information which was known or which should have been known to be false, including failing to communicate that a debt was disputed, in violation of Colo. Rev. Stat. § 12-14-107(1)(i).

31. The Defendants used false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-107(1)(k).

32. The Defendants used unfair or unconscionable means to collect or attempted to collect a debt, in violation of Colo. Rev. Stat. § 12-14-108(1).

33. The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating the amount of the debt, in violation of Colo. Rev. Stat. § 12-14-109(1)(a).

34. The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating the name of the creditor to whom the debt was owed, in violation of Colo. Rev. Stat. § 12-14-109(1)(b).

35. The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating that unless the Plaintiff, within thirty days after receipt of the notice, disputed the validity of the debt, or any portion thereof, the debt would be assumed to be valid by the Defendants, in violation of Colo. Rev. Stat. § 12-14-109(1)(c).

36. The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating that if the Plaintiff notified the Defendants in writing within the thirty-day period that the debt, or any portion thereof, was disputed, the Defendants would obtain verification of the debt or a copy of a judgment against the Plaintiff and

a copy of such verification or judgment would be mailed to the Plaintiff by the Defendants, in violation of Colo. Rev. Stat. § 12-14-109(1)(d).

37. The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating that upon the Plaintiff's written request within the thirty-day period, the Defendants would provide the Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of Colo. Rev. Stat. § 12-14-109(1)(e).

38. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the CFDCPA, including every one of the above-cited provisions.

39. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1) or Colo. Rev. Stat. § 12-14-113(1)(a);

2. Against each of the named Defendants, awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) or Colo. Rev. Stat. § 12-14-113(1)(b);

3. Against the named Defendants, jointly and severally, awarding Plaintiffs recovery of his litigation costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Colo. Rev. Stat. § 12-14-113(1)(c);

4. Granting Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 6, 2011

Respectfully submitted,

By ___/s/ Lark Fogel_____

Lark Fogel, Esq.

Of Counsel to:

Lemberg & Associates, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424

Law Office of Lark Fogel
Bar Number: 030383
Telephone: (303) 596-4838
Facsimile: (203) 653-3424
larklaw@gmail.com

<u>Plaintiff:</u>
Alexandra Mayotte
11811 Lewiston Street
Commerce City, CO 80022